133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tigran EKIMIAN; Rouzan Nagapetian; Avetis Hekimian, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 97-70549, Aze-uom-xsu, Aga-rlz-qjj, Aoj-tkz-vpx.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 19, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lead petitioner Tigran Ekimian, his wife and son, natives of Russia and citizens of Armenia, petition pro se for review of the Board of Immigration Appeals' ("BIA") decision finding them statutorily ineligible for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). The BIA determined that Ekimian was not a credible witness and rejected his contention that the immigration judge ("IJ") committed numerous procedural errors at his deportation hearing. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition.
 
 
 3
 Ekimian contends that the IJ abused his discretion by denying Ekimian's request for a continuance to afford him an opportunity to present a witness at his deportation hearing. We disagree.
 
 
 4
 The IJ denied Ekimian's request for a continuance because Ekimiar had previously submitted a letter from his witness that contained the substance of her testimony. In addition, the record indicates that the IJ considered this letter in determining Ekimian's eligibility for relief. Thus, Ekimian was afforded an opportunity to present this evidence at his deportation hearing. See Barraza Rivera v. INS, 913 F.2d 1443, 1447-49 (9th Cir.1990). Moreover, Ekimian has failed to demonstrate prejudice. See id. at 1448. Accordingly, we conclude that the IJ did not abuse his discretion by denying Ekimian's request for a continuance. See id.; cf. Baires v. INS, 856 F.2d 89, 92-93 (9th Cir.1988) (holding that an IJ abused his discretion by denying petitioner's attorney a continuance, which effectively deprived him of an opportunity to prepare and present petitioner's case).
 
 
 5
 We have considered Ekimian's remaining contentions and concluded that they are without merit.
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because the government initiated deportation proceedings against petitioners before April 1, 1997, we continue to exercise jurisdiction pursuant to 8 U.S.C. § 1105a(a) over the instant petition. See Sections 306(c)(1) and 309(c)(1) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104-208, 110 Stat. 3009 (1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656